UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN DOE, | * | CIVIL ACTION NO.: 19-11403 |
| | * | |
| Plaintiff | * | SECTION: |
| | * | |
| v. | * | JUDGE: SARAH S. VANCE |
| | * | |
| THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, | * * | MAGISTRATE: JANIS VAN MEERVELD |
| | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff, John Doe, through undersigned counsel, respectfully submits this Memorandum in Support of his Motion to Proceed Under Pseudonym and requests an Order allowing him to proceed in the above-captioned matter under a pseudonym. Plaintiff makes this request in order to protect himself from harassment, ridicule, and personal embarrassment, and in order to prevent further unnecessary damage to his reputation and emotional state.

**INTRODUCTION**

Plaintiff brings this case against Defendant, The Administrator of the Tulane Educational Fund ("Tulane" or the "University"), alleging that Defendant treated Plaintiff in a manner that is inconsistent with Tulane's policies and procedures and that is in direct violation of federal law, stripping him of his right to a fair and just investigation and adjudication of highly-stigmatizing allegations that were levelled against him. In that regard, the suit involves allegations that Plaintiff sexually assaulted a fellow student; therefore, the facts and subject matter of the case necessarily involve personal, extremely sensitive details, the revelation of which would cause Plaintiff

1

embarrassment, and could subject him to harassment and further damage to his reputation and future educational and career opportunities.[1]

Moreover, those harms are some of the reasons that Plaintiff has filed suit, and forcing him to exacerbate his emotional and economic damages in order to try to exonerate himself is unnecessary and counterproductive.  And Defendant will not be prejudiced in any manner by Plaintiff using a pseudonym in this suit – it is in Defendant's interest, as well, to protect the confidentiality of its student disciplinary proceedings, and Defendant is well-aware of Plaintiff's identity.  The public interest in access to judicial proceedings is also not thwarted by Plaintiff proceeding under a pseudonym because the public filing of this suit allows the public to understand the allegations at issue, and knowing Plaintiff's exact identity is unnecessary in furthering that interest.  Thus, the equities weigh in favor of allowing Plaintiff to proceed in this suit anonymously.

## FACTUAL AND PROCEDURAL BACKGROUND

After receiving a report from a female student concerning alleged sexual contact with John Doe, Defendant failed to provide Doe with proper notice of the charges; evidenced a gender bias throughout the investigative and adjudicative process against Doe as the male accused of sexual misconduct; made assessments of credibility and evidentiary weight without ascertainable rationale, and despite countervailing evidence and credibility issues; failed to afford John Doe the requisite presumption of innocence required by a preponderance of the evidence standard; heavily relied on irrelevant and highly prejudicial evidence, for both the finding of responsibility and the sanction, that should have been excluded even under Tulane's own policies and procedures; and improperly altered the final investigative report, after it had been finalized, to include additional charges and findings of responsibility.  As a result, Defendant reached the erroneous conclusion

---

[1]   It is worth noting that Plaintiff is only 20 years old, and age at which many are embarrassed at the idea of sex, even when it does not include serious accusations that would cast someone in a negative light at any age.

2

that Plaintiff had engaged in sexual misconduct. The University then imposed severe sanctions, including suspension from the University for three semesters.

Defendant subjected John Doe to an arbitrary and capricious disciplinary process, deprived him of any meaningful due process, and discriminated against him because of his gender. In doing so, Defendant failed to adhere to Tulane's own policies and guidelines, and the policies and guidelines, themselves, are inherently discriminatory and insufficient to protect the rights of male students. In erroneously concluding that Plaintiff had engaged in sexual misconduct, Defendant, among other problems, relied heavily on prejudicial evidence that never should have even been considered and failed to properly apply the preponderance of the evidence standard, required by both the University's policies and Title IX.

As such, in his Complaint, Plaintiff has asserted claims under Title IX of the Educational Amendments of 1972 ("Title IX"), and under state law for breach of contract and other claims. Plaintiff now seeks an Order from this Court permitting him to proceed anonymously in this proceeding, using a pseudonym. Given the nature of the allegations and the claims presented and the potential for media attention to these matters, Plaintiff fears threats and reprisals from the public as a result of his lawsuit. Plaintiff believes that his need for anonymity outweighs any prejudice to the public's interest in knowing his legal name.

## LAW AND ARGUMENT

### A. Fifth Circuit Standard For Proceeding Pseudonymously.

Under the Federal Rules of Civil Procedure, a party's pleadings should identify the parties to a suit. F.R.C.P. 10(a). However, the Fifth Circuit Court of Appeal has allowed parties to proceed under a pseudonym in certain situations. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). There is no hard and fast rule for

determining when a party may be allowed to proceed under a pseudonym in the Fifth Circuit. Rather, courts "must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally-based presumption of openness in judicial proceedings." *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). When evaluating a motion to proceed under a pseudonym, courts should look to: "(1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.*at 185. In addition to these factors, the Fifth Circuit also considers the "relevant facts and circumstances of a particular case," including issues such as whether a plaintiff may face a hostile public reaction, and whether the decision to proceed pseudonymously will have a prejudicial impact on the defending party. *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007).

  **B.** **Precedent For Plaintiffs In Title IX Cases Proceeding Under Pseudonyms.**

  In Title IX cases, federal courts have generally permitted plaintiffs to use pseudonyms, particularly in cases involving alleged sexual assaults. *See Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (citing cases and finding that "[c]ourts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."). For example, in *Roe v. St. Louis Univ.*, No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009), the court permitted the use of a pseudonym in a Title IX lawsuit because rape is a "personal matter of the utmost intimacy." *See also Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable

parties...."); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (when denying the right to proceed anonymously, court noted that plaintiff was not, among other things, a minor or rape victim or likely target of retaliation).

Courts have similarly allowed for the anonymity of plaintiffs who are the alleged perpetrators suing a university following the disposition of charges of sexual assault. *See Doe v. Univ. of Montana*, No. CV 12-77-M-DLC, 2012 WL 2416481, at *5 (D. Mont. June 26, 2012). Those courts include the Eastern District of Louisiana, which has permitted a similarly-situated plaintiff to proceed under a pseudonym in a lawsuit against Tulane. *See Doe v. Tulane University*, Case No. 17-12081, E.D.La (Judge Feldman), at Rec. Doc. 7.

### C. Plaintiff Should Be Allowed To Use A Pseudonym In This Private, Highly-Sensitive Matter That Could Subject Plaintiff to Embarrassment and Harassment.

Here, under the relevant legal standard, the subject matter of this lawsuit likewise justifies the use of a pseudonym by Plaintiff because the case arises from claims of alleged sexual assault.

#### 1. Plaintiff's Pursuit of This Lawsuit Involves Highly Intimate Information.

Plaintiff has presented claims regarding a highly personal and intimate matter – allegations of his prior sexual experiences with fellow students, and allegations of false claims of sexual assault. This case will undoubtedly involve pleadings that describe, in detail, Plaintiff's sexual experiences with Jane Roe and other Tulane students, and the effect that the claims and Tulane's inadequate response has had on his mental health and academic performance. As a result, public filings will not only address sexual and medical history, but also the impact the situation has had on his studies – educational information that is otherwise subject to protection under federal

privacy law[2] -- along with his struggles to recover from the false accusations and Tulane's biased response.

Moreover, given that Plaintiff has been falsely accused of a serious crime, and the constant presence of social media and, at times, internet bullying, Plaintiff's concerns about the potential impact on him and his family, if his identity becomes public, are real and understandable. As noted above, courts routinely hold that allegations of sexual assault and rape warrant anonymity, particularly in the Title IX context. *See Doe v. El Paso County Hosp*. Dist, 2015 WL 1507840 at *4 (Apr. 1, 2015, W.D. Tex) (collecting cases); *see also Cabrera*, 307 F.R.D. at 5 (collecting cases). Because the details of sexual conduct are so personal, and the public dissemination of such details so harmful, courts have also held that public policy weighs in favor of considering situations of alleged sexual assault to be a matter of utmost intimacy. As witness statements and pleadings may include descriptions of sexual acts, nudity, and other graphic details regarding students who remain in their formative years, such information constitutes matters of "utmost intimacy." *Id.*

As in *El Paso County*, Plaintiff is not a widely-known figure in the media, and the details of the allegations against him are not known to many around him. He also continues to battle the psychological harm of the experience – from the false allegations to the University's treatment of those allegations – and public disclosure of the intimate details of his sexual past, and potentially deteriorating mental health, will only further such harm. *Id*.at 5. Thus, even though this case does not involve government officials, "the alleged intrusion of Plaintiff's privacy…[b]ecomes no less traumatizing…" *Id*. Those accused of sexual assault face similar issues of increased trauma in publicizing their true identities – publication of details of the utmost intimacy, including false claims of sexual assault, furthers the harm that the litigant is seeking to remedy by filing the action.

---

[2] Plaintiff's private educational records are subject to the provisions of the Family Educational Rights and Privacy Act, commonly referred to as "FERPA," 20 U.S.C. § 1232g.

6

As such, numerous courts have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously.  *See e.g. John Doe v. Columbia University and Trustees of Columbia University,* 2014 WL 6471520 (S.D.N.Y. 2014); *Doe v. Washington & Lee Univ.,* NO. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Univ. of Massachusetts-Amherst,* 2015 WL 4306521 (D. Mass. 2015); *Doe v. Univ. of S. Florida Bd. of Trustees,* 2015 WL 3453753 (M.D. Fla. 2015); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015).

Plaintiff should likewise be permitted to proceed anonymously due to the highly-sensitive and personal nature of this case.

### 2. Disclosure of Plaintiff's Identity Will Result In Significant Harm To Him.

In addition, Plaintiff should be permitted to proceed anonymously in this matter because the revelation of his identify would result in significant harm to him – indeed, the exact same harm he seeks to remedy though this lawsuit.  *See Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.").  Forcing Plaintiff to reveal his identity does not further any aspect of the litigation but "instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Colgate Univ.,* 2016 WL 1448829, at *3.

Even if Plaintiff were ultimately exonerated and his conduct record expunged, the disclosure in the interim of his name would nevertheless hinder his ability to pursue future career and educational endeavors, including graduate studies, because universities and employer could access the publicly-filed records in this matter.  Whether true or untrue, the allegations levelled

against Plaintiff are untoward. The social stigma associated with being found responsible and sanctioned for "sexual assault," regardless of whether ultimately overturned as a result of litigation, would undoubtedly reduce Plaintiff's chances of transferring to a comparable undergraduate program or being admitted into a graduate program.

As such, Plaintiff should be permitted to proceed anonymously in this suit as requiring him to reveal his identity would result in unnecessary harm, including emotional and reputational damages, and the loss of educational and career opportunities.

### 3. Defendant Will Not Be Prejudiced By Allowing Plaintiff To Proceed Pseudonymously.

Further, Plaintiff should be permitted to proceed under a pseudonym because Defendant will not be prejudiced in any way by proceeding against him as an anonymous party. Defendant is already well-aware of Plaintiff's identity. Thus, Defendant will have an unobstructed opportunity to conduct discovery and litigate this matter, regardless of whether Plaintiff identifies himself publicly, or proceeds anonymously. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, Defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

To the contrary, Defendant should support Plaintiff's request to remain anonymous in public filings in order to ensure that the identities of other Tulane students involved in this disciplinary process, and others, remain anonymous. Disclosure of the parties' names in suit such as this could undermine the University's disciplinary process. As explained in *Univ. of Montana*, a protective order was justified because the case arose from a closed university disciplinary proceeding in which all parties were entitled to confidentiality. *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student

8

Conduct Code proceeding…the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names") (*citing Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000).

Accordingly, the balance of equities weighs heavily in Plaintiff's favor and he should be permitted to proceed anonymously in this action: revealing his name will cause significant prejudice to Plaintiff, both now and in the future, while proceeding anonymously will not hinder Defendant, and indeed furthers Defendant's interests, as well.

**4.     There Is A Weak Public Interest In Knowing Plaintiff's Name.**

Plaintiff should also be permitted to proceed in this action anonymously because the public does not have a strong interest in knowing his actual identity. Considering the purely legal nature of the claims presented (i.e. whether Defendant violated Plaintiff's right to fair process in violation of Title IX and violated Defendant's obligations under state law), there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as his challenges to Tulane's biased and unfair investigatory and adjudicatory process concerns a larger association than the interest of an individual plaintiff; it affects the male student population at Tulane as a whole. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). Shielding Plaintiff's identity will not, in this case, meaningfully limit the public's ability to consider the important issues raised by this case. There is nothing about the Plaintiff's name in this case that makes it "critical to the working of justice to reveal those identities." *See Jane Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990 (N.D. Cal. 2015).

While in the past courts have disfavored allowing plaintiffs to proceed in lawsuits anonymously, except in rare circumstances, the nature of the internet today is such that a plaintiff's identity is accessible with a simple online search; thus, courts have been willing to afford additional protective measures to avoid further damage to a plaintiff involved in a matter concerning highly-damaging allegations such as this. "Cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016); s*ee also Doe v. Brown,* No. 15-144, 2016 WL 715794, at * 1 (D.R.I. Feb. 22, 2016) ("This case concerns an issue that has been the subject of increasing attention and controversy, particularly in academia, and which has garnered much recent media and scholarly commentary.")

If Plaintiff were required to reveal his name, then even if he is successful in his claims against Defendant, the public's access to his identity would result in further damage to his future educational and career opportunities, the very harms which he seeks to remedy in this action. As such, "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). There is simply nothing about this Plaintiff that would heighten any public interest beyond the normal public interest in judicial proceedings that is sufficient to outweigh Plaintiff's right to privacy.

Moreover, the public's knowledge will only be minimally restricted, as it will still know what is alleged to have occurred regarding sexual misconduct, as well as the flawed process by which Defendant investigated and adjudicated those charges. Allowing Plaintiff to proceed

anonymously will not significantly obstruct the public's interest in this matter. Indeed, forcing Plaintiff to reveal his identity could have a chilling effect on other similarly-situated future plaintiffs, who could be deterred from seeking a remedy for similar harms. As such, there is not a strong public interest in knowing Plaintiff's identity as an individual.

Accordingly, considering the balance of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff John Doe requests that his Motion to Proceed Under Pseudonym be granted.

Dated: June 28, 2019

                                        Respectfully Submitted,

                                        */s/ Ellie T. Schilling*
                                        William P. Gibbens, 27225
                                        Ellie T. Schilling, 33358
                                        Schonekas, Evans, McGoey
                                        & McEachin, LLC
                                        909 Poydras Street, Suite 1600
                                        New Orleans, Louisiana 70112
                                        Telephone: (504) 680-6050
                                        Facsimile: (504) 680-6051
                                        billy@semmlaw.com
                                        ellie@semmlaw.com

                                               -and-

        Brian Capitelli, 27398
        Justine Geiger Daniel, 36856
        Capitelli & Wicker
        1100 Poydras Street, Suite 2950
        New Orleans, Louisiana 70163
        Telephone: (504) 582-2425
        Facsimile: (504) 582-2422
        brian@capitelliandwicker.com
        justine@capitelliandwicker.com

        Attorneys for John Doe