UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN DOE

VERSUS

ADMINISTRATORS OF THE TULANE
EDUCATIONAL FUND

CIVIL ACTION NO. 19-11403

SECTION "R"
DISTRICT JUDGE VANCE

MAG. DIV. (1)
MAG. JUDGE VAN MEERVELD

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**NOW INTO COURT,** though undersigned counsel, comes Defendant, The Administrators of the Tulane Educational Fund ("Tulane" or "Defendant"), who files the following Answer and Affirmative Defenses in response to the allegations contained in the Complaint for Damages and Injunctive Relief (Rec. Doc. 1), filed by Plaintiff John Doe ("Doe" or "Plaintiff"). Defendant denies each and every allegation contained in the Complaint for Damages and Injunctive Relief (the "Complaint"), except those which are hereinafter expressly admitted, and further represents as follows:

In specific defense of the allegations set forth in the Complaint, Defendant specifically asserts the following affirmative defenses:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted, in whole or in part.

1

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, ratification, unclean hands and/or laches, as well as applicable statute of limitations or prescriptive periods under applicable law.

**THIRD AFFIRMATIVE DEFENSE**

Defendant avers that Plaintiff's claims are barred to the extent they fail to satisfy all conditions precedent or any applicable statutory prerequisites under applicable law, as well as under applicable jurisprudence.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the defense of good faith and affirmatively avers that at all times Defendant acted in good faith, with rational basis, and without any unlawful or wrongful intent whatsoever with respect to all of its decisions concerning Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant affirmatively avers that it has proper policies and procedures in place to prevent discrimination and to comply with Title IX and all applicable federal and state laws, and actively enforces such policies and procedures.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant affirmatively avers that Tulane maintains adequate disciplinary policies and procedures with respect to the investigation and adjudication of student conduct complaints.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads that it took prompt and reasonable actions, and made all necessary good faith efforts, to comply with applicable law and Tulane policies and procedures to investigate and resolve the student conduct complaint filed against Plaintiff, and Tulane

reasonably believed, at all relevant times, that its actions were in conformity with applicable law and applicable Tulane policies and procedures.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it complied with the terms and conditions of any applicable Tulane policies and procedures, the University Code and official Tulane publications, as well as any applicable federal or state laws, with respect to its actions and decisions concerning Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that if any action was taken (which is specifically denied) by Tulane in violation of applicable law or applicable Tulane policies and procedures, such acts were not intentional or in bad faith.

## TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it had legitimate, lawful, non-discriminatory reasons with respect to its disciplinary decisions and actions involving Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it neither acted nor relied upon impermissible factors or unlawful criteria in any of its disciplinary decisions concerning Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant avers that its disciplinary decisions concerning Plaintiff were neither arbitrary nor capricious, but rather were made in good faith with rational bases.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant pleads the defense of good faith.

3

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that the final investigation report and related exhibits and correspondence between Plaintiff and Defendant are the best evidence of what is set forth therein, and the final investigation report and related exhibits and correspondence are incorporated herein in full.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Tulane's policies and procedures and official publications are the best evidence of the terms and conditions set forth therein. Defendant pleads such policies and procedures and publications as if incorporated herein in full.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it complied with applicable policies and procedures and the Tulane University Code with respect to its actions and decisions concerning Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot make out a *prima facie* case under Title IX, has not stated a claim under Title IX upon which relief can be granted, and has failed to allege facts sufficient to support a Title IX claim against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Title IX claims fail because neither gender nor any protected classification was a substantial or motivating factor for any of Tulane's actions.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant denies that a motivating factor for its disciplinary findings and sanctions regarding Plaintiff was his gender, gender bias, or gender discrimination.

PD.26567450.1

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Title IX claim must fail to the extent there is not an appropriate comparator treated more favorably than he was in similar circumstances.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim fails to the extent Tulane's policies and procedures do not constitute a contract between the parties under applicable Louisiana law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively denies it breached Tulane's policies and procedures with regard to Plaintiff, and further denies its actions constituted a breach of contract as alleged by Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it has complied with any fiduciary, statutory and/or contractual obligations between Tulane and Plaintiff, to the extent any such obligations exist under federal and state law.

## TWENTH-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that the breach of covenant of good faith and fair dealing claim by Plaintiff against Defendant is predicated on the existence of a contract between the parties, and thus, this claim against Tulane must fail if the underlying breach of contract claim against Defendant is dismissed.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively denies that it breached the implied covenant of good faith and fair dealing.

PD.26567450.1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant denies that its actions regarding Plaintiff were motivated by bias, dishonest or morally questionable motives, fraud, ill will, or sinister motives.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot make out a *prima facie* case of detrimental reliance, has not stated a claim for detrimental reliance upon which relief can be granted, and has failed to allege facts sufficient to support detrimental reliance claim against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's detrimental reliance claim fails because Tulane did not make any representation or promise and/or breach any representation or promise upon which Plaintiff reasonably relied to his detriment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it has not breached any obligations or duties allegedly owed to Plaintiff, to the extent any exist under applicable laws and regulations.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant affirmatively denies that Plaintiff is entitled to any injunctive relief.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively denies that Plaintiff has a substantial likelihood of succeeding on the merits of his claims, including his Title IX erroneous outcome and breach of contract claims.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively denies the existence of an irreparable injury to Plaintiff if the injunctive relief sought by Plaintiff is not granted.

PD.26567450.1

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively avers that the injunctive relief sought by Plaintiff is not warranted to the extent an injunction will cause substantial harm to Tulane or others.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively denies that the public interest will be served by issuance of the injunctive relief sought by Plaintiff.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff may be barred from obtaining any relief sought by virtue of Plaintiff's own actions, omissions, fault and/or negligence.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief in this matter, to the extent his alleged damages, if any, were caused by his own actions which are specifically pled as a bar to any claims and/or claimed relief.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers their good faith with respect to all aspects of the allegations set forth in the Complaint, as a full and complete bar to maintenance of the claims asserted by Plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively denies that Plaintiff sustained any damages as a result of any fault or wrongdoing on the part of Tulane.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively denies that Plaintiff sustained any damages, including emotional distress, damage to reputation, loss of educational opportunities, and loss of future employment

opportunities, as a result of any alleged actions by Tulane and/or any of its employees, representatives or agents.

## FORTIETH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff incurred any injury, loss or damages as alleged in Plaintiff's Complaint as a proximate result of any acts or conduct by Defendant.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff is entitled to any legal, equitable, declaratory or monetary relief whatsoever under federal or state law, including, but not limited to, injunctive relief, compensatory damages, emotional distress damages, damage to reputation, loss of educational opportunities, loss of future employment opportunities, and attorneys' fees, interest and/or costs of this action, or any other damages such that any legal or equitable remedies requested by Plaintiff are clearly unwarranted in this matter.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively avers that Plaintiff's claims are barred or otherwise limited to the extent that Plaintiff has failed to mitigate, minimize, or avoid the damages and losses alleged.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Even if Plaintiff sustained damages due to alleged tortious actions by Defendant (which are specifically denied), Defendant avers that Plaintiff failed to make reasonable efforts to mitigate his alleged damages.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant pleads the affirmative defenses of set off and/or offset against any monies, funds or benefits received by Plaintiff for damages alleged herein.

PD.26567450.1

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant avers that to the extent Plaintiff's alleged damages are speculative, they are unavailable as a matter of law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that any equitable and/or monetary award which Plaintiff may receive cannot exceed any monetary caps or limitations, if any, imposed by any applicable statutes, statutory law, regulations, rules and/or decisional law.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that any alleged mental pain and anguish or physical pain and suffering claimed by Plaintiff as a result of alleged actions by Defendant was not reasonable or justified under the circumstances.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that should any of Plaintiff's claims be found frivolous, unreasonable or groundless, to have been brought in bad faith, or it is determined by the Court that Defendant's acts or practices were not in violation of the law, Defendant may be entitled to recovery of reasonable damages, under applicable law, incurred in the defense of such claims, including but not limited to, reasonable attorneys' fees and other costs.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to invoke or assert any other defense or assert further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established during discovery and/or by the evidence in this case.  Defendant further reserves the right to amend or supplement this answer to assert such

additional affirmative defenses upon discovery of any further information regarding Plaintiff's purported claims.

**AND NOW,** further answering the specific enumerated allegation in the Complaint, Defendant avers as follows:

## <u>PRELIMINARY STATEMENT</u>

### 1.

The allegations contained in Paragraph 1 of the Complaint do not require a response on behalf of Defendant to the extent such allegations constitute a legal conclusion. To the extent the allegations in Paragraph 1 of the Complaint are factual in nature, such allegations are denied. Defendant specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

### 2.

The allegations contained in the first, second, third, fourth and fifth sentences of Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein. Defendant admits only that Plaintiff is a student of Tulane University and is a person of full age and majority.

### 3.

The allegations contained in the first and second sentences of Paragraph 3 of the Complaint are denied. Defendant admits only that an investigation was undertaken by Tulane of a complaint by a female Tulane student against Plaintiff. Defendant further avers only that the Final Investigation Report and related exhibits and correspondence between Tulane and Plaintiff speak for themselves and are the best evidence of what is set forth therein regarding the referenced investigation and sanctions issued by Tulane. Defendant further specifically denies

that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**4.**

The allegations contained in the first sentence of Paragraph 4 of the Complaint are denied as stated.  Defendant avers only that the Tulane University Code speaks for itself and is the best evidence of what is set forth therein regarding the disciplinary process that was in place at Tulane during the relevant period of time in this lawsuit.  The allegations contained in the second sentence of Paragraph 4 of the Complaint are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**5.**

The allegations contained in the first and second sentences of Paragraph 5 of the Complaint are denied.  Defendant avers only that the Final Investigation Report is the best evidence of what is set forth therein regarding the referenced investigation by Tulane.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**6.**

The allegations contained in the first and second sentences of Paragraph 6 of the Complaint are denied.  Defendant avers only that the Final Investigation Report is the best evidence of what is set forth therein regarding the referenced investigation, including findings and sanctions by Tulane.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

PD.26567450.1

**7.**

The allegations contained in the first sentence of Paragraph 7 of the Complaint are denied.  The allegations contained in the second, third and fourth sentences of Paragraph 7 of the Complaint are denied as stated.  Defendant avers only that the referenced written appeal and related correspondence speaks for itself and is the best evidence of what is set forth therein regarding the referenced appeal and findings by the Tulane appellate panel.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**8.**

The allegations contained in the first, second and third sentences of Paragraph 8 of the Complaint are denied.  Defendant avers only that the Final Investigation Report, and the Tulane University Code in effect during the relevant period of time in this lawsuit, are the best evidence of what is set forth therein regarding the referenced investigation and disciplinary policies and procedures.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**9.**

The allegations contained in Paragraph 9 of the Complaint are denied.  Defendant avers only that the Final Investigation Report and related exhibits, and the Tulane policies and procedures and University Code in effect during the relevant period of time in this lawsuit, are the best evidence of what is set forth therein regarding the referenced investigation and disciplinary policies and procedures.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever under state or federal law or that Plaintiff is entitled to damages or injunctive relief.

**10.**

The allegations contained in the first and fourth sentences of Paragraph 10 of the Complaint are denied.  The allegations contained in the second sentence of Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.  The allegations contained in the third sentence of Paragraph 10 of the Complaint is denied as stated.  Defendant avers only that the Final Investigation Report, Appellate Panel Determination, and related correspondence by Tulane to Plaintiff are the best evidence of what is set forth therein regarding the referenced sanctions.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**11.**

The allegations contained in the first sentence of Paragraph 11 of the Complaint is denied.  The allegations contained in the second sentence of Paragraph 11 of the Complaint is denied for lack of sufficient information to justify a belief therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**12.**

The allegations contained in the first and second sentences of Paragraph 12 of the Complaint assert legal conclusions that require no response by Tulane; however, to the extent a response is required, such allegations are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

PD.26567450.1

**13.**

The allegations contained in the first and second sentences of Paragraph 13 of the Complaint are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**14.**

The allegations contained in Paragraph 14 of the Complaint assert a legal conclusion that requires no response by Defendant; however, to the extent a response is required, such allegations are denied.  Defendant further expressly denies that Tulane or its agents violated federal or state law in any respect.  Defendant further avers that Tulane and its agents acted in good faith at all times.

## THE PARTIES

**15.**

The allegations contained in the first and second sentences of Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein regarding Plaintiff's alleged places of domicile and residence.  Defendant admits only that Plaintiff was enrolled as a student at Tulane University during the relevant period of time in this lawsuit.

**16.**

The allegations contained in Paragraph 16 of the Complaint is denied as stated. Defendant admits only that Tulane is a non-profit corporation and private educational institution located in New Orleans, Louisiana.  Defendant denies Tulane is any way liable to Plaintiff by virtue of being named as a defendant in this lawsuit.  Defendant further asserts that Plaintiff has

PD.26567450.1

no factual or legal basis for filing this lawsuit against Defendant. Defendant also denies Plaintiff is entitled to any dames or injunctive relief whatsoever, and calls for strict proof of same.

## JURISDICTION AND VENUE

### 17.

The allegations contained in Paragraph 17 of the Complaint assert a legal conclusion consisting of a jurisdictional statement which requires no response by Defendant. To the extent a response is required, the allegations regarding Plaintiff's state of citizenship and the alleged amount in controversy are denied for lack of sufficient information to justify a belief therein. Defendant also denies that it has violated any federal or state laws, and further denies Tulane is in any way liable to Plaintiff. Defendant further asserts that Plaintiff has no factual or legal basis for filing this lawsuit against Defendant. Defendant also denies Plaintiff is entitled to any damages or injunctive relief whatsoever, and calls for strict proof of same.

### 18.

The allegations contained in Paragraph 18 of the Complaint assert a legal conclusion consisting of a jurisdictional statement which requires no response by Defendant. To the extent a response is required, Defendant admits only that it conducts business within the state of Louisiana. Defendant denies that it has violated any federal or state laws, and further denies Tulane is in any way liable to Plaintiff.

### 19.

The allegations contained in Paragraph 19 of the Complaint require no response on behalf of Defendant as they consist of a venue statement. To the extent a response is required, Defendant denies that Tulane or its agents engaged in events or omissions that violated federal or

state law in any respect.  Defendant further avers that Tulane and its agents acted in good faith at all times.

## FACTUAL ALLEGATIONS[1]

### 20.

The allegations contained in Paragraph 20 of the Complaint are denied as stated. Defendant avers only that Tulane's disciplinary investigations policies and procedures, in effect during the relevant period of time in this lawsuit, and the vaguely referenced "federal guidelines" are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

### 21.

The allegations in the first and second sentences of Paragraph 21 of the Complaint reference the written or published Tulane University Code, including the 2018-2019 version of this Code.  Defendant avers that the referenced version of Tulane's University Code is the best evidence of what is set forth therein regarding investigation and adjudication of student disciplinary matters.   To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

---

[1]      The headings and subheadings in Plaintiff's Complaint require no response on behalf of Defendant. However, to the extent a response is required, the factual allegations and/or legal conclusions in any and all headings and subheadings of Plaintiff's Complaint are denied.

PD.26567450.1

**22.**

The allegations in the first and second sentences of Paragraph 22 of the Complaint are denied as stated.  Defendant admits only that Plaintiff, as all Tulane students, was provided access to Tulane's policies and procedures, including the Tulane University Code.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**23.**

The allegations in Paragraph 23 of the Complaint reference the written or published Tulane University Code.  Defendant avers that the referenced Tulane University Code is the best evidence of what is set forth therein regarding relevant policies and procedures and rights and responsibilities related to the investigation and adjudication of alleged Code violations.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**24.**

The allegations in the first sentence of Paragraph 24 of the Complaint reference the written or published Tulane University Code, and the allegations in the second sentence of Paragraph 24 of the Complaint identify the Director of Student Conduct and Vice President of Student Affairs during the relevant period of time in this lawsuit. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane

17

University Code.  Defendant admits only that Dr. Christopher Zacharda held the position of Director of Student Conduct, and J. Davidson "Dusty" Porter held the position of Vice President of Student Affairs, during the 2018-2019 academic year.

**25.**

To the extent the allegations in the first, second, third and fourth sentences of Paragraph 25 of the Complaint reference the written or published Tulane University Code, no response is required.   Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

**26.**

To the extent the allegations in the first and second sentences of Paragraph 26 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

**27.**

To the extent the allegations in the first and second sentences of Paragraph 27 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant

PD.26567450.1

denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

**28.**

To the extent the allegations in the first and second sentences of Paragraph 28 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced versions of the Tulane University Code speaks for themselves and are the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced versions of the written or published Tulane University Code.

**29.**

The allegations in the first and second sentences of Paragraph 29 of the Complaint are denied as stated. Defendant avers that the Tulane University Code speaks for itself and is the best evidence of what is set forth therein regarding the applicable disciplinary process. Defendant admits only that Meredith Smith held the position of Assistant Provost for Title IX and Clery Compliance during the relevant period of time in this lawsuit.

**30.**

To the extent the allegations in Paragraph 30 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

PD.26567450.1

**31.**

The allegations contained in the first, second and third sentences of Paragraph 31 of the Complaint are denied as stated.  Defendant avers that the Tulane University Code speaks for itself and is the best evidence of what is set forth therein regarding the investigation and adjudication process.  Defendant admits only that Dawn Broussard held the position of Assistant Director of Student Conduct, and Lex Kelch-Brickner held the position of Investigator for the Office of Student Conduct, during the 2018-2019 academic year.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**32.**

To the extent the allegations in the first and second sentences of Paragraph 32 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced written or published materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**33.**

To the extent the allegations contained in the first, second, third and fourth sentences of Paragraph 33 of the Complaint reference the written or published Tulane University Code, no response is required.  Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

PD.26567450.1

**34.**

To the extent the allegations contained in the first and second sentences of Paragraph 34 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

**35.**

To the extent the allegations in Paragraph 35 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced the Tulane University Code speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

**36.**

To the extent the allegations contained in the first, second and third sentences of Paragraph 36 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

PD.26567450.1

**37.**

To the extent the allegations contained in the first and second sentences of Paragraph 37 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

**38.**

To the extent the allegations contained in the first, second and third sentences of Paragraph 38 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code. Defendant admits only that Meredith Smith held the position of Assistant Provost for Title IX and Clery Compliance during the relevant period of time in this lawsuit.

**39.**

To the extent the allegations contained in Paragraph 39 of the Complaint reference the written or published Tulane University Code, no response is required. Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

PD.26567450.1

**40.**

To the extent the allegations contained in the first, second and third sentences of Paragraph 40 of the Complaint reference the written or published Tulane University Code, no response is required.  Defendant avers that the referenced versions of the Tulane University Code speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published versions of the Tulane University Code.

**41.**

To the extent the allegations contained in the first, second, third sentences and fourth sentences of Paragraph 41 of the Complaint reference the written or published Tulane University Code, no response is required.  Defendant avers that the referenced versions of the Tulane University Code speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published versions of the Tulane University Code.

**42.**

To the extent the allegations contained in the first, second and third sentences of Paragraph 42 of the Complaint reference the written or published Tulane University Code, no response is required.  Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published Tulane University Code.

**43.**

The allegations contained in the first, second, third and fourth sentences of Paragraph 43 of the Complaint are denied.  Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**44.**

The allegations contained in the first, second, and third sentences of Paragraph 44 of the Complaint are denied.  Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**45.**

The allegations contained in the first and second sentences of Paragraph 45 of the Complaint are denied.  Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**46.**

The allegations contained in Paragraph 46 of the Complaint are denied.  Defendant further avers that the Tulane University Code complies with applicable law.

PD.26567450.1

**47.**

To the extent the allegations contained in the first and second sentences of Paragraph 47 of the Complaint reference a written or published "guidance letter," no response is required. Defendant avers that the referenced "guidance letter" speaks for itself and is the best evidence of what is set forth therein.   To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published "guidance letter."   Defendant admits only that a guidance letter was issued by the Office of Civil Rights on or about April 4, 2011.

**48.**

To the extent the allegations contained in the first and second sentences of Paragraph 48 of the Complaint reference a written or published guidance letter, no response is required. Defendant avers that the referenced guidance letter speaks for itself and is the best evidence of what is set forth therein.   To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published guidance letter.

**49.**

To the extent the allegations contained in the first and second sentences of Paragraph 49 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.   To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.  Defendant admits only that a the Office of Civil Rights issued "Questions and Answers on Title IX and Sexual Violence ("Q&A") on or about April 29, 2014.

25

**50.**

To the extent the allegations contained in Paragraph 50 of the Complaint reference a written or published guidance document, no response is required.  Defendant avers that the referenced guidance document speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published guidance document.

**51.**

To the extent the allegations contained in the first, second and third sentences of Paragraph 51 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**52.**

To the extent the allegations contained in Paragraph 52 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**53.**

To the extent the allegations contained in the first, second and third sentences of Paragraph 53 of the Complaint reference written or published materials, no response is required.

Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**54.**

The allegations contained in the first and second sentences of Paragraph 54 of the Complaint are denied.  Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  Defendant further avers that all Tulane disciplinary procedures comply with applicable law.

**55.**

The allegations contained in the first and second sentences of Paragraph 55 of the Complaint are denied as stated.  Defendant avers that the referenced Tulane University Code speaks for itself and is the best evidence of what is set forth therein.  Defendant further avers that all Tulane disciplinary procedures comply with applicable law.

**56.**

The allegations contained in Paragraph 56 of the Complaint are denied.

**57.**

To the extent the allegations contained in the first and second sentences of Paragraph 57 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

PD.26567450.1

**58.**

To the extent the allegations contained in Paragraph 58 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**59.**

The allegations contained in the first, second and third sentences of Paragraph 59 of the Complaint are denied as stated.  Defendant admits only that Meredith Smith was hired as the Assistant Provost for Title IX and Clery Compliance in December, 2015.

**60.**

The allegations contained in the first sentence of Paragraph 60 of the Complaint are admitted.  The allegations contained in the second and third sentences of Paragraph 60 of the Complaint are denied as stated, except Defendant admits only that Meredith Smith is a published author and speaker on campus sexual violence.

**61.**

The allegations contained in the first and second sentences of Paragraph 61 of the Complaint are denied as stated.  Defendant admits only that the common book assigned to the incoming Tulane Freshman in 2016 was the referenced Kate Harding book.

**62.**

To the extent the allegations contained in Paragraph 62 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the

PD.26567450.1

extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**63.**

To the extent the allegations contained in the first and second sentences of Paragraph 63 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**64.**

The allegations contained in Paragraph 64 of the Complaint are denied as stated. Defendant admits only that Meredith Smith has given presentations to the Tulane community related to Title IX, bystander intervention and gender-based sexual violence.  To the extent the allegations contained in Paragraph 64 reference written or published materials, Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein.

**65.**

The allegations contained in Paragraph 65 of the Complaint are denied as stated. Defendant admits only that Meredith Smith has given presentations to the Tulane community related to "Shifting the Paradigm" and "Wave of Change."  To the extent the allegations contained in Paragraph 65 reference written or published materials, Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein.

PD.26567450.1

**66.**

To the extent the allegations contained in Paragraph 66 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**67.**

The allegations contained in Paragraph 67 of the Complaint are denied.  Defendant further avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**68.**

The allegations contained in the first and second sentences of Paragraph 68 of the Complaint are denied.  Defendant further avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**69.**

To the extent the allegations contained in the first and second sentences of Paragraph 69 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies as stated the allegations in the first and second sentences of Paragraph 69 of the Complaint, including to the

30

extent inconsistent with the contents of the referenced written or published materials. The allegations contained in the third sentence of Paragraph 69 of the Complaint are denied. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**70.**

To the extent the allegations contained in the first, second, third, fourth and fifth sentences of Paragraph 70 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials. Defendant further avers that all Tulane disciplinary procedures comply with applicable law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**71.**

The allegations contained in the first sentence of Paragraph 71 are admitted. The allegations contained in the second sentence of Paragraph 71 are denied. To the extent the allegations contained in the third sentence of Paragraph 71 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced survey results speak for themselves and are the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published survey results.

**72.**

The allegations contained in the first and second sentences of Paragraph 72 are denied as stated. To the extent the allegations contained in Paragraph 72 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein.

**73.**

To the extent the allegations contained in the first and second sentences of Paragraph 73 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.

**74.**

To the extent the allegations contained in the first and second sentences of Paragraph 74 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations.

**75.**

To the extent the allegations contained in the first, second, and third sentences of Paragraph 75 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced

written or published materials.  Defendant further avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**76.**

To the extent the allegations contained in the first, second and third sentences of Paragraph 76 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced material speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published material.  Defendant admits only that the Office of Civil Rights issued the "Q&A on Campus Sexual Misconduct" in September, 2017.

**77.**

The allegations contained in Paragraph 77 are denied as stated.  To the extent the allegations contained in Paragraph 77 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced statement speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published statement.

**78.**

The allegations contained in Paragraph 78 are denied as stated.  To the extent the allegations contained in Paragraph 78 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and

33

are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published materials.

**79.**

The allegations contained in the first and second sentences of Paragraph 79 are denied. Defendant further avers that all Tulane disciplinary procedures comply with applicable law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**80.**

To the extent the allegations contained in the first, second and third sentences of Paragraph 80 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced "public comment" speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published "public comment."   Defendant further avers that all Tulane disciplinary procedures comply with applicable law.

**81.**

The allegations contained in Paragraph 81 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**82.**

The allegations contained in the first, second and third sentences of Paragraph 82 of the Complaint are denied for lack of sufficient information to justify a belief therein.

PD.26567450.1

**83.**

The allegations contained in Paragraph 83 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**84.**

The allegations contained in the first and second sentences of Paragraph 84 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**85.**

The allegations contained in Paragraph 85 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**86.**

The allegations contained in the first, second, third and fourth sentences of Paragraph 86 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**87.**

The allegations contained in the first and second sentences of Paragraph 87 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**88.**

The allegations contained in Paragraph 88 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**89.**

The allegations contained in the first and second sentences of Paragraph 89 of the Complaint are denied for lack of sufficient information to justify a belief therein.

PD.26567450.1

**90.**

The allegations contained in Paragraph 90 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**91.**

The allegations contained in Paragraph 91 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**92.**

The allegations contained in the first and second sentences of Paragraph 92 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**93.**

The allegations contained in the first, second, third, fourth and fifth sentences of Paragraph 93 of the Complaint are denied for lack of sufficient information to justify a belief therein. Defendant further avers that the referenced text message speaks for itself and is the best evidence of what is set forth therein.

**94.**

The allegations contained in the first, second, third, and fourth sentences of Paragraph 94 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**95.**

The allegations contained in the first and second sentences of Paragraph 95 of the Complaint are denied for lack of sufficient information to justify a belief therein.

PD.26567450.1

**96.**

The allegations contained in Paragraph 96 of the Complaint are denied for lack of sufficient information to justify a belief therein.  Defendant further avers that the referenced group text message speaks for itself and is the best evidence of what is set forth therein.

**97.**

The allegations contained in the first, second, and third sentences of Paragraph 97 of the Complaint are denied for lack of sufficient information to justify a belief therein.  Defendant further avers that the referenced group text message speaks for itself and is the best evidence of what is set forth therein.

**98.**

The allegations contained in the first, second, and third sentences of Paragraph 98 of the Complaint are denied for lack of sufficient information to justify a belief therein.  Defendant further avers that the referenced group text message speaks for itself and is the best evidence of what is set forth therein.

**99.**

The allegations contained in the first and second sentences of Paragraph 99 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**100.**

The allegations contained in the first and second sentences of Paragraph 100 of the Complaint are denied for lack of sufficient information to justify a belief therein.  To the extent the allegations contained in the Paragraph 100 of the Complaint reference written or published materials, Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant

denies such allegations as stated, including to the extent inconsistent with the contents of the written or published materials.

**101.**

The allegations contained in Paragraph 101 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**102.**

The allegations contained in the first, second and third sentences of Paragraph 102 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**103.**

The allegations contained in the first sentence of Paragraph 103 of the Complaint are denied for lack of sufficient information to justify a belief therein.  To the extent the allegations contained in the second and third sentences of Paragraph 103 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced campus reporting form speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published campus reporting form.

**104.**

The allegations contained in the first, second and third sentences of Paragraph 104 of the Complaint are denied as stated.  Defendant avers that the referenced disciplinary procedures and Final Investigation Report and related exhibits are the best evidence of what is set forth therein.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant

further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**105.**

The allegations contained in the first, second and third sentences of Paragraph 105 are denied as stated. Defendant further avers that the referenced "no contact" order and relevant procedures are the best evidence of what is set forth therein.

**106.**

The allegations contained in Paragraph 106 of the Complaint are denied as stated. Defendant admits only that Dr. Zacharda met with John Doe on or about October 3, 2018 for a "procedural review" meeting. Defendant further avers that the referenced written "Procedural Protections for Responding Student" is the best evidence of what is set forth therein.

**107.**

The allegations contained in the first and second sentences of Paragraph 107 of the Complaint are admitted.  The allegations contained in the third and fourth sentences of Paragraph 107 of the Complaint are denied as stated.  Defendant avers that the referenced "Notice of Investigation and Charges" letter speaks for itself and is the best evidence of what is set forth therein.  Defendant avers that all Tulane disciplinary procedures comply with applicable law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**108.**

The allegations contained in the first sentence of Paragraph 108 of the Complaint are admitted.  The allegations contained in the second and third sentences of Paragraph 108 of the Complaint are denied for lack of sufficient information to justify a belief therein.  The allegations

contained in the fourth sentence of Paragraph 108 of the Complaint are denied as stated, except Defendant admits Tulane issued a cease and desist communication to Jane Roe.  Defendant further avers that the referenced cease and desist communication is the best evidence of what is set forth therein.

**109.**

To the extent the allegations in the first, second, third, fourth and fifth sentences of Paragraph 109 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the written or published materials.

**110.**

The allegations contained in Paragraph 110 of the Complaint are denied. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**111.**

The allegations contained in the first and second sentences of Paragraph 111 of the Complaint are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing or that Plaintiff is entitled to damages or injunctive relief.

**112.**

To the extent the allegations in the first and second sentences of Paragraph 112 of the Complaint reference the written or published investigation report, no response is required. Defendant avers that the referenced investigation report speaks for itself and is the best evidence

40

of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced investigation report.

**113.**

To the extent the allegations in the first, second and third sentences of Paragraph 113 of the Complaint reference a written or published statement, no response is required.  Defendant avers that the referenced statement speaks for itself and is the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced statement.

**114.**

To the extent the allegations in the first and second sentences of Paragraph 114 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**115.**

To the extent the allegations in the first, second, third and fourth sentences of Paragraph 115 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such

PD.26567450.1

allegations as stated, including to the extent inconsistent with the contents of the referenced materials.

**116.**

To the extent the allegations in the first, second, and third sentences of Paragraph 116 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.

**117.**

The allegations in the first and second sentences of Paragraph 117 of the Complaint are denied as stated, except Defendant admits that the case was assigned to Dawn Broussard for further investigation after the withdrawal of Lex Kelch-Brickner from the investigation. Defendant further avers that the final investigation report and related exhibits are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**118.**

The allegations contained in the first, second and third sentences of Paragraph 118 of the Complaint are denied.  Defendant further avers that the final investigation report and related exhibits are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**119.**

The allegations contained in the first and second sentences of Paragraph 119 of the Complaint are denied.  Defendant further avers that the final investigation report and related exhibits are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**120.**

The allegations contained in the first and second sentences of Paragraph 120 of the Complaint are denied.  Defendant further avers that the final investigation report and related exhibits are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**121.**

The allegations contained in the first and second sentences of Paragraph 121 of the Complaint are denied.  Defendant further avers that the final investigation report and related exhibits are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**122.**

The allegations contained in the first and second sentences of Paragraph 122 of the Complaint are denied.  Defendant further avers that the final investigation report and related exhibits are the best evidence of what is set forth therein.  Defendant further specifically denies

PD.26567450.1

that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

## 123.

The allegations contained in the first and second sentences of Paragraph 123 of the Complaint are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

## 124.

The allegations contained in the first and second sentences of Paragraph 124 of the Complaint are denied.  Defendant further avers that the final investigation report and related exhibits are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

## 125.

The allegations contained in the first and second sentences of Paragraph 125 of the Complaint are denied.  Defendant further avers that the referenced written materials are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

## 126.

The allegations contained in the first, second and third sentences of Paragraph 126 of the Complaint are denied.  Defendant further avers that the final investigation report and related exhibits are the best evidence of what is set forth therein.  Defendant further specifically denies

PD.26567450.1

that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

### 127.

To the extent the allegations in Paragraph 127 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced written materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

### 128.

The allegations contained in the first and second sentences of Paragraph 128 of the Complaint are denied.  Defendant further avers that the final investigation report and related exhibits and correspondence by Tulane to John Doe are the best evidence of what is set forth therein.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

### 129.

To the extent the allegations in the first, second and third sentences of Paragraph 129 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced investigation report and related exhibits speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have

committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**130.**

To the extent the allegations in the first and second sentences of Paragraph 130 of the Complaint reference written or published materials, no response is required.  Defendant avers that the final investigation report and related exhibits, including the referenced statements, speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**131.**

To the extent the allegations in the first, second and third sentences of Paragraph 131 of the Complaint reference written or published materials, no response is required.  Defendant avers that the final investigation report and related exhibits, including the referenced letter by John Doe to Ms. Broussard speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**132.**

The allegations contained in Paragraph 132 of the Complaint are denied.  Defendant avers the final investigation report and related exhibits speaks for itself and is the best evidence

PD.26567450.1

of the investigation findings. Defendant further avers that Tulane disciplinary procedures comply with applicable law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing or that Plaintiff is entitled to damages or injunctive relief.

**133.**

To the extent the allegations in Paragraph 133 of the Complaint reference written or published materials, no response is required.  Defendant admits only that the completion date of the final investigation report is February 11, 2019.  Defendant avers that the final investigation report and related exhibits speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.

**134.**

To the extent the allegations in the first, second and third sentences of Paragraph 134 of the Complaint reference written or published materials, no response is required.  Defendant avers that the final investigation report and related exhibits speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**135.**

To the extent the allegations in Paragraph 135 of the Complaint reference written or published materials, no response is required.  Defendant avers that the final investigation report and related exhibits speak for themselves and are the best evidence of what is set forth therein.

47

To the extent a further response is required, Defendant denies such allegations, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**136.**

To the extent the allegations in the first, second and third sentences of Paragraph 136 of the Complaint reference written or published materials, no response is required.  Defendant avers that the final investigation report and related exhibits speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing or that Plaintiff is entitled to damages or injunctive relief.

**137.**

To the extent the allegations in the first and second sentences of Paragraph 137 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced Code and Final Investigation Report speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further denies that Tulane or its agents have committed any wrongdoing or that Plaintiff is entitled to damages or injunctive relief.

**138.**

To the extent the allegations in the first and second sentences of Paragraph 138 of the Complaint reference written or published materials, no response is required.  Defendant avers

that the final investigation report and related exhibits speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.

**139.**

To the extent the allegations in the first and second sentences of Paragraph 139 of the Complaint reference written communications, no response is required.  Defendant avers that the referenced communications speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced communications.

**140.**

To the extent the allegations in the first and second sentences of Paragraph 140 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced redacted report speaks for itself and is the best evidence of what is set forth therein.   To the extent a further response is required, Defendant denies such allegations.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**141.**

To the extent the allegations in the first, second and third sentences of Paragraph 141 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant

further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**142.**

To the extent the allegations in the first and second sentences of Paragraph 142 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced written materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**143.**

The allegations contained in Paragraph 143 of the Complaint are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**144.**

To the extent the allegations in the first, second and third sentences of Paragraph 144 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced written materials speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

PD.26567450.1

**145.**

To the extent the allegations in the first and second sentences of Paragraph 145 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced Appeal speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced Appeal.

**146.**

To the extent the allegations in Paragraph 146 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced Appeal speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced Appeal.

**147.**

To the extent the allegations in Paragraph 147 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced response to the Appeal speaks for itself and is the best evidence of what is set forth therein. To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced response to the Appeal.

**148.**

To the extent the allegations in the first, second, third, fourth, fifth and sixth sentences of Paragraph 148 of the Complaint reference written or published materials, no response is required. Defendant avers that the referenced Appeal findings and related correspondence speaks for themselves and are the best evidence of what is set forth therein. To the extent a

PD.26567450.1

further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**149.**

To the extent the allegations in Paragraph 149 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials. Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**150.**

The allegations contained in Paragraph 150 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**151.**

The allegations contained in the first, second, third and fourth sentences of Paragraph 151 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have

committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**152.**

To the extent the allegations contained in the first and fourth sentences of Paragraph 152 of the Complaint contain legal conclusions, no response is required by Tulane.  The allegations contained in the second sentence of Paragraph 152 of the Complaint are denied for lack of sufficient information to justify a belief therein. The allegations in the third sentence of Paragraph 152 of the Complaint are denied as stated. Defendant avers only that the Final Investigation Report, Appellate Panel Determination, and related correspondence by Tulane to Plaintiff is the best evidence of what is set forth therein regarding the referenced disciplinary sanctions.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief.

**153.**

The allegations contained in the first and second sentences of Paragraph 153 of the Complaint are denied.  The allegations contains in the third and fourth sentences of Paragraph 153 assert a legal conclusion that requires no response; however, to the extent a response is required, such allegations are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* – Erroneous Outcome

PD.26567450.1

**154.**

The allegations set forth in Paragraph 154 of the Complaint require no response on behalf of Defendant.   However, in an abundance of caution, Defendant restates and re-avers its affirmative defenses and averments above and reiterates that any allegations not admitted are expressly denied.

**155.**

The allegations contained in Paragraph 155 of the Complaint assert a legal conclusion that requires no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.

**156.**

The allegations contained in Paragraph 156 of the Complaint assert a legal conclusion that requires no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.

**157.**

The allegations contained in Paragraph 157 of the Complaint assert a legal conclusion that requires no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.

**158.**

The allegations contained in Paragraph 158 of the Complaint assert legal conclusions that requires no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.   Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**159.**

The allegations contained in Paragraph 159 of the Complaint assert a legal conclusion that requires no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**160.**

The allegations contained in the first sentence of Paragraph 160 of the Complaint are denied.  The allegations contained in the second sentence of Paragraph 160 requires no response to the extent it asserts a legal conclusion. Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**161.**

The allegations contained in Paragraph 161 of the Complaint assert legal conclusions that requires no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

PD.26567450.1

**162.**

The allegations contained in the first, second, and third sentences of Paragraph 162 of the Complaint assert legal conclusions that require no response. However, to the extent a response is required, Defendant denies it violated federal or state law. Defendant avers that all Tulane disciplinary procedures comply with applicable law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**163.**

The allegations contained in the first, second and third sentences of Paragraph 163 of the Complaint assert legal conclusions that require no response. However, to the extent a response is required, Defendant denies it violated federal or state law. Defendant avers that all Tulane disciplinary procedures comply with applicable law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**164.**

The allegations contained in the first, second and third sentences of Paragraph 164 of he Complaint are denied. Defendant avers that all Tulane disciplinary procedures comply with applicable law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**165.**

The allegations contained in the first and second sentences of Paragraph 165 of the Complaint are denied. Defendant admits only that Meredith Smith was hired as the Assistant

56

Provost for Title IX and Clery Compliance in December, 2015.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.

**166.**

The allegations contained in the first and second sentences of Paragraph 166 of he Complaint are denied.  Defendant admits only that Meredith Smith has given presentations to the Tulane community related to Title IX, bystander intervention and gender-based sexual violence.

**167.**

The allegations contained in Paragraph 167 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.

**168.**

The allegations contained in Paragraph 168 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**169.**

The allegations contained in Paragraph 169 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**170.**

The allegations contained in Paragraph 170 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further

specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**171.**

The allegations contained in Paragraph 171 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**172.**

The allegations contained in the first and second sentences of Paragraph 172 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**173.**

To the extent the allegations contained in the first and second sentences of Paragraph 173 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced University Code and Survey speak for themselves and are the best evidence of what is set forth therein.  To the extent a further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced written or published materials.  The allegations contained in the third and fourth

sentences of Paragraph 173 of the Complaint are denied as stated.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

## 174.

The allegations in the first and second sentences of Paragraph 174 of the Complaint are denied.  Defendant further denies it violated federal or state law.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  In addition, Defendant specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

## 175.

The allegations contained in Paragraph 175 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

## 176.

The allegations contained in Paragraph 176 of the Complaint are denied.  Defendant further specifically denies that any of its actions violated federal or state law or that it is liable to Plaintiff for any damages whatsoever, and calls for strict proof of same.

PD.26567450.1

**COUNT II**
**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* –**
**Selective Enforcement**

**177.**

The allegations set forth in Paragraph 177 of the Complaint require no response on behalf of Defendant.  However, in an abundance of caution, Defendant restates and re-avers its affirmative defenses and averments above and reiterates that any allegations not admitted are expressly denied.

**178.**

The allegations contained in Paragraph 178 of the Complaint are denied. Defendant further denies it violated federal or state law. Defendant avers that all Tulane disciplinary procedures comply with applicable law.  In addition, Defendant specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**179.**

The allegations contained in the first, second and third sentences of Paragraph 179 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**180.**

The allegations in the first, second and third sentences of Paragraph 180 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.

Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**181.**

The allegations contained in the first, second, and third sentences of Paragraph 181 of the Complaint are denied.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**182.**

The allegations contained in the first and second sentences of Paragraph 182 of the Complaint are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**183.**

The allegations contained in Paragraph 183 of the Complaint are denied.

**184.**

The allegations contained in the first, second and third sentences of Paragraph 184 of the Complaint are denied.  Defendant avers that the final investigation report and related exhibits are the best evidence of what is set forth therein regarding alleged charges against John Doe.

**185.**

The allegations contained in Paragraph 185 of the Complaint are denied. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**186.**

The allegations contained in Paragraph 186 of the Complaint are denied.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**187.**

The allegations contained in Paragraph 187 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant avers that all Tulane disciplinary procedures comply with applicable law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**188.**

The allegations contained in Paragraph 188 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

PD.26567450.1

**189.**

The allegations contained in Paragraph 189 of the Complaint are denied.  Defendant further specifically denies that any of its actions violated federal or state law or that it is liable to Plaintiff for any damages whatsoever, and calls for strict proof of same.

### COUNT III
### Breach of Contract

**190.**

The allegations set forth in Paragraph 190 of the Complaint require no response on behalf of Defendant.  However, in an abundance of caution, Defendant restates and re-avers its affirmative defenses and averments above and reiterates that any allegations not admitted are expressly denied.

**191.**

The allegations contained in the first and second sentences of Paragraph 191 of the Complaint are denied.  Defendant admits only that John Doe enrolled at Tulane University. Defendant further denies that Tulane or its agents engaged in events or omissions that violated federal or state law in any respect.  Defendant further avers that Tulane and its agents acted in good faith at all times.

**192.**

The allegations contained in Paragraph 192 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, such allegations are denied.

**193.**

To the extent the allegations in Paragraph 193 of the Complaint reference written or published materials, no response is required.  Defendant avers that the referenced materials speaks for themselves and are the best evidence of what is set forth therein.  To the extent a

63

further response is required, Defendant denies such allegations as stated, including to the extent inconsistent with the contents of the referenced materials.  Defendant further denies that Tulane or its agents engaged in events or omissions that violated federal or state law in any respect. Defendant further avers that Tulane and its agents acted in good faith at all times.

**194.**

The allegations contained in Paragraph 194 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**195.**

The allegations contained in Paragraph 195 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.  Defendant further avers that Tulane and its agents acted in good faith at all times.

**196.**

The allegations contained in the first and second sentences of Paragraph 196 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.

PD.26567450.1

**197.**

The allegations contained in the first and second sentences of Paragraph 197 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law. Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.  Defendant further avers that Tulane and its agents acted in good faith at all times.

**198.**

The allegations contained in Paragraph 198 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**199.**

The allegations contained in Paragraph 199 of the Complaint are denied.  Defendant further specifically denies that any of its actions violated federal or state law or that it is liable to Plaintiff for any damages whatsoever, and calls for strict proof of same.

**COUNT IV**
**Breach of the Covenant of Good Faith and Fair Dealing**

**200.**

The allegations set forth in Paragraph 200 of the Complaint require no response on behalf of Defendant.  However, in an abundance of caution, Defendant restates and re-avers its affirmative defenses and averments above and reiterates that any allegations not admitted are expressly denied.

65

**201.**

The allegations contained in the first and second sentences of Paragraph 201 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**202.**

The allegations contained in Paragraph 202 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.  Defendant further avers that Tulane and its agents acted in good faith at all times.

**203.**

The allegations contained in Paragraph 203 of the Complaint are denied.  Defendant further specifically denies that any of its actions violated federal or state law or that it is liable to Plaintiff for any damages whatsoever, and calls for strict proof of same.

**COUNT V**
**Detrimental Reliance**

**204.**

The allegations set forth in Paragraph 204 of the Complaint require no response on behalf of Defendant.  However, in an abundance of caution, Defendant restates and re-avers its affirmative defenses and averments above and reiterates that any allegations not admitted are expressly denied.

66

**205.**

The allegations contained in Paragraph 205 of the Complaint are denied.  Defendant further specifically denies that any of its actions violated federal or state law or that it is liable to Plaintiff for any reason whatsoever, and calls for strict proof of same.

**206.**

The allegations contained in the first and second sentences of Paragraph 206 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**207.**

The allegations contained in Paragraph 207 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.  Defendant further avers that Tulane and its agents acted in good faith at all times.

**208.**

The allegations contained in the first and second sentences of Paragraph 208 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

PD.26567450.1

**209.**

The allegations contained in Paragraph 209 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**210.**

The allegations contained in Paragraph 210 of the Complaint assert legal conclusions that require no response.  However, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further specifically denies that Tulane or its agents have committed any wrongdoing whatsoever or that Plaintiff is entitled to damages or injunctive relief, and calls for strict proof of same.

**211.**

The allegations contained in Paragraph 211 of the Complaint are denied.  Defendant further specifically denies that any of its actions violated federal or state law or that it is liable to Plaintiff for any damages whatsoever, and calls for strict proof of same.

**<u>JURY DEMAND</u>**

**212.**

The allegations contained in Paragraph 212 of the Complaint assert a request for a jury trial which requires no response on behalf of Defendant; however, to the extent a response is required, Defendant denies it violated federal or state law.  Defendant further denies Plaintiff is entitled to any relief whatsoever, and calls for strict proof of same.

PD.26567450.1

Defendant also denies each and every allegation contained in Plaintiff's prayer for relief, and further expressly denies that it violated state or federal law. Defendant further denies Plaintiff is entitled to any judgment or injunctive relief in this lawsuit or as requested in the prayer for relief in connection with the claims and damages asserted in this lawsuit, and calls for strict proof of same.

**WHEREFORE,** Defendant prays that its Answer and Affirmative Defenses to Plaintiff's Complaint be deemed good and sufficient, that its affirmative defenses be maintained, and that after due proceedings be had, that there be judgment rendered herein in favor of Defendant and against Plaintiff, dismissing Plaintiff's Complaint, with prejudice, at Plaintiff's costs. Defendant also requests that it be awarded court costs, attorneys' fees, and any other legal, equitable and declaratory relief this Court may deem just and appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By*:          /s/ M. Nan Alessandra          *
        M. NAN ALESSANDRA, T.A. (#16783)
        KIM M. BOYLE (#18133)
        Canal Place
        365 Canal Street – Suite 2000
        New Orleans, LA  70130-6534
        Telephone: (504) 566-1311
        Telecopier: (504) 568-9130
        Email: nan.alessandra@phelps.com
            kim.boyle@phelps.com

**ATTORNEYS FOR DEFENDANT, THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND**

PD.26567450.1