UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE | CIVIL ACTION NO.  19-11403 |
| VERSUS | SECTION "R" |
| | DISTRICT JUDGE VANCE |
| THE ADMINISTRATORS OF THE | |
| TULANE EDUCATIONAL FUND | MAG. DIV. (1) |
| | MAG. JUDGE VAN MEERVELD |

## JOINT DISCOVERY PLAN

Pursuant to United States District Court for the Eastern District of Louisiana Local Rule 26.2 and this Court's Order of July 2, 2019, Plaintiff John Doe ("Plaintiff" or "Doe") and Defendant The Administrators of the Tulane Educational Fund ("Defendant" or "Tulane"), through undersigned counsel of record, hereby propose the following Joint Discovery Plan, for purposes of the hearing on Plaintiff's Motion for a Preliminary Injunction.  The parties agree that this Joint Discovery Plan applies only to the Motion for Preliminary Injunction and the parties agree to reconvene after a ruling on the Motion for Preliminary Injunction to prepare a second discovery plan.

1.  **Depositions**. The parties have agreed that the following witnesses may be deposed by the parties:

   a.  The individuals to be deposed in connection with the Motion for Preliminary Injunction (ECF No. 4) are:

   i.  Dawn Broussard;

   ii.  Lex Kelch-Brickner; Defendant notes that she is no longer employed by Tulane and resides in North Carolina and Defendant does not have control over her schedule or the ability to force her to appear.

   iii.  Meredith M. Smith;

   iv.  Dr. Christopher Zacharda; and,

   v.  The three appeals panel members and the Appeal Chairperson who participated in Doe's student conduct appeal.

   vi.  Defendant reserves its right to depose Plaintiff, a party to this action, as noted in section 1. e. below.

 b. Neither party intends to present expert witness testimony in connection with the Motion for Preliminary Injunction.

 c. The parties will schedule depositions for the above listed witnesses between **September 3, 2019 and September 13, 2019**, unless otherwise agreed to by the parties or ordered by the Court.

 d. The parties agree that witnesses other than those listed above may be deposed for purposes of the Motion for Preliminary Injunction if agreed to in writing by the parties and/or with leave of Court.  Any such depositions shall be completed by **September 13, 2019**, in accordance with the Court's Scheduling Order.  Defendant reserves the right to depose any witness Plaintiff intends to call in connection with his Motion for Preliminary Injunction or any other material witness identified in the course of discovery or identified on the parties' injunction trial witness list.

 e. On or before **August 15, 2019**, the parties agree to meet and confer regarding whether Defendant desires to take Plaintiff's deposition.  Similarly, the parties agree to meet and confer regarding whether Plaintiff desires to take the deposition of the Complainant or other Witnesses who participated in the student conduct process.  Defendant reserves its right to object to Plaintiff deposing or calling at the Injunction Hearing the Complainant and other Witnesses in the student conduct process as they, unlike Plaintiff, are non-parties to this lawsuit which has been filed by Plaintiff who seeks declaratory, injunctive and monetary relief. Plaintiff also reserves its rights to call or depose other Witnesses should that be deemed necessary but will provide notice in compliance with the deadlines set forth herein.

 f. Each party will advise the other party as soon as possible if the party intends to present the testimony of additional witnesses, but in any event, no later than **August 23, 2019**, the parties will exchange lists of all witnesses who they may call in connection with the Motion for Preliminary Injunction, whether by affidavit or by live testimony.  Given the time constraints, the parties agree that they will attempt in good faith to provide narrowly tailored lists of the witnesses that each party realistically may call.  Defendant requests that Plaintiff advise no later than **August 14th** (one day prior to the parties deadline to confer on deposition of Plaintiff) if Plaintiff intends to testify at the evidentiary hearing on his Motion for Preliminary Injunction.

  In accordance with the Scheduling Order entered by District Judge Vance on July 11, 2019, counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at the hearing, including the address and telephone number of each witness.  Each party shall

  designate those witnesses whose testimony the party expects to present by deposition, and include a transcript of the pertinent parts of the deposition. Additionally, each party shall identify the documents or exhibits the party may or will use at the hearing, separately identifying those items the party expects to offer and those it may offer if the need arises. These disclosures must be made no later than **September 23, 2019.**

 g. The parties agree that witnesses other than those listed above may be deposed for use at trial. The parties will meet and confer regarding a further discovery plan, after the Court has ruled on the Motion for Preliminary Injunction.

2. **Proposed Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

 a. The parties anticipate the need for discovery on the following subjects, prior to the preliminary injunction hearing:

  i. Doe's allegations regarding his claims under Title IX of the Education Amendments of 1972 ("Title IX");

  ii. Tulane's investigation and adjudication of the sexual assault allegations filed against Doe;

  iii. Tulane's policies, procedures, and standards for conducting and adjudicating student conduct investigations;

  iv. Tulane's Title IX policies and procedures;

 b. Pursuant to Local Rule 33.1, each party shall be limited to 25 interrogatories, (inclusive of subparts). Any party seeking to serve more than 25 interrogatories must file a motion for leave setting forth any and all proposed additional interrogatories.

 c. Plaintiff served interrogatories and requests for production of documents on Defendant on **July 9, 2019**, and Defendant will respond to same and produce all responsive documents by **August 9, 2019**. Defendant will serve all interrogatories and requests for production of documents on Plaintiff by **July 16, 2019**, and Plaintiff will respond to same and produce all responsive documents by **August 13, 2019**. If additional requests for production are necessary in advance of the preliminary injunction hearing, the parties may seek leave of Court to propound such discovery.

 d. If either party objects to an interrogatory or request for production of documents, such that the party does not intend to respond to the interrogatory and/or to produce responsive documents in response, the party will serve such objections setting forth fully the basis therefore on the other party by **August 7, 2019**.

    e.    The parties shall attend a discovery status conference with Magistrate Judge van Meerveld, in chambers, on **August 16, 2019 at 10:30 a.m**., unless canceled by agreement of the parties.

    f.    The date for completion of all discovery for purposes of the preliminary injunction shall be **September 13, 2019**, unless extended by the Court.

    g.    After the Court rules on the Motion for Preliminary Injunction, the parties may serve additional written discovery and requests for production of documents, as needed, without leave of court. If either party objects to the additional written discovery proposed, that party should confer with the other party in an attempt to resolve the objections. If the objections cannot be resolved, the objecting party will promptly seek a discovery conference with the Court to address the discovery objections. A discovery deadline will be selected for additional discovery to be completed in advance of trial.

3.    **Witnesses and Exhibits for Preliminary Injunction Hearing.** The hearing on Plaintiff's Motion for Preliminary Injunction will be conducted with live testimony; the parties shall file in the record and serve upon all counsel of record a list of all witnesses who may or will be called to testify at the hearing, and all exhibits which may or will be used at the hearing by **September 23rd,** the date scheduled by the Court.

4.    **Privileged and Work Product Information.** Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

    a.    The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within 5 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production. Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

      b.      The party recalling an inadvertent production shall pay costs of complying with its request, if any, including electronic discovery support staff and paralegal time, but not including attorney time.

5. **Electronically Stored Information.** The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information ("ESI") and report to this Court the following:

    a.    <u>Scope of ESI</u>: At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

        i.    Documents and other records stored by Plaintiff on his personal computer(s), cell phone(s), or cloud based or hosted accounts of Plaintiff relating to the areas specified in Paragraph 2(a);

        ii.    Electronic mail (including all electronic attachments) sent to and/or from Plaintiff and Defendant and/or decision-makers or employees of Defendant, and deponents or witnesses identified, relating to student conduct case number 2018079001;

        iii.    Electronic mail (including all electronic attachments) exchanged between Plaintiff and Defendant and/or between Plaintiff and Defendant's employees relating to student conduct case number 2018079001;

        iv.    Any electronically stored information including but not limited to text messages, photos, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof), and social networking communications, sent to and/or from Plaintiff and/or employees of Defendant who participated in the investigation and/or appeal of student conduct case number 2018079001, and deponents or witnesses identified in the scope of discovery, relating or pertaining to those areas identified in Paragraph 2(a);

        v.    Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes relating to or pertaining to those areas identified in Paragraph 2(a);

        vi.    Nothing in this section shall be construed to require either party to produce attorney-client privileged communications, including but not limited to communications protected by work product; however, a party seeking to withhold responsive documents on the basis of privilege shall produce a

5

        privilege log setting forth fully the grounds upon which the privilege is asserted.

    b.    <u>Form of production</u>: The parties agree that any and all discoverable ESI will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable, with the following exceptions:

        i.    Electronic mail should include attachments to the email and indicate whether and to whom the email was a reply or was forwarded if reasonably available from the ESI production;

        ii.    The parties shall make diligent efforts to produce any electronically-stored spreadsheet or database in its native format (e.g. Microsoft Excel) rather than in a PDF format, if reasonably available;

        iii.    All electronically stored documents created by a word processing program are to be produced in the native format (e.g. Microsoft Word), rather than in PDF format, if reasonably available. To the extent any ESI is preserved only in printed form, such ESI may be produced in pdf format;

        iv.    The parties agree that they will undertake a good faith effort to identify relevant ESI and will preserve any such information identified. The parties further agree that the parties will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to ESI or other records which have not been previously identified by the parties as relevant to this action.

6.    **Confidential and Sensitive Information.** The parties have discussed certain issues relating to the disclosure of documents and information which may contain confidential and/or sensitive information and the parties have agreed to enter a protective order, which the parties will file jointly with the Court. Given the protections of the protective order, Defendant will attempt in good faith to limit the number of redactions in its document production to the extent Defendant can do as under applicable law and applicable regulations.

7.    **Settlement Conference.** The parties shall attend a settlement conference with Magistrate Judge van Meerveld, in chambers, on **August 30, 2019 at 11:00 a.m.** Each party shall submit a

confidential settlement memorandum to Judge van Meerveld on **August 21, 2019**, in accordance with Rec. Doc. 12.

Respectfully submitted, this 6th day of August, 2019.

| ATTORNEYS FOR DEFENDANT, THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND | ATTORNEYS FOR PLAINTIFF |
|---|---|
| **PHELPS DUNBAR LLP** | /s/ Ellie T. Schilling |
|  | WILLIAM P. GIBBENS, La. #27225 |
| BY:  /s/ M. Nan Alessandra | ELLIE T. SCHILLING, La. #33358 |
|  M. NAN ALESSANDRA (#16783) | **SCHONEKAS, EVANS, MCGOEY & MCEACHIN, LLC** |
|  KIM M. BOYLE (#18133) | 909 Poydras Street, Suite 1600 |
|  Canal Place | New Orleans, LA 70112 |
|  365 Canal Street, Suite 2000 | Phone: (504) 680-6050 |
|  New Orleans, Louisiana 70130-6534 | Fax: (504) 680-6051 |
|  Telephone: 504-566-1311 | Email: billy@semmlaw.com |
|  Telecopier: 504-568-9130 |    ellie@semmlaw.com |
|  Email: nan.alessandra@phelps.com |  |
|    kim.boyle@phelps.com | **AND** |
|  | /s/ Brian Capitelli |
|  | BRIAN CAPITELLI, La. #27398 |
|  | JUSTINE GEIGER DANIEL, La. #36856 |
|  | **CAPITELLI & WICKER** |
|  | 1100 Poydras St., Suite 2950 |
|  | New Orleans, LA 70163 |
|  | Phone: (504) 582-2425 |
|  | Fax: (504) 582-2422 |
|  | Email: brian@capitelliandwicker.com |
|  |    jsg@capitelliandwicker.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

  /s/ Ellie T. Schilling
  ELLIE T. SCHILLING